# NISI PRIUS—NEW SERIES

Causes Argued and Determined in the Superior, Common Pleas, Probate and Insolvency Courts of Ohio.

## Volume I.   New Series.

### LIABILITY OF ONE HOLDING STOCK AS TRUSTEE.

[Superior Court of Cincinnati, sitting in General Term.]

SCHWILL ET AL v. BECKEL ET AL.

One who holds stock as a trustee, in an Ohio corporation, is individually liable under the statute giving to creditors of the corporation the right to recover from the stockholders an amount equal to the par value of the stock held.

SMITH, J.; DEMPSEY, P. J., and MURPHY, J., concur.

It is sought by this proceeding in error to reverse the action of the court below with respect to the liability of certain stockholders of the Banner Brewing Company under the statute giving creditors the right to recover an amount equal to the par value of the stock held by stockholders of a corporation.

The most important question in the case is as to the liability of Michael Hoffmann, who from May 12, 1888, to November 5, 1888, appeared on the books of the company as holding 430 shares of stock in the name of Michael Hoffmann, treasurer.

It is true, that while Hoffmann held the legal title to the stock, he was not the beneficiary, and the word "treasurer" may be read as if it were "trustee."

He was not the treasurer of any organized body, but was the person designated by a purchasing committee from those who might wish to take an interest in the purchase of a majority of the stock of the corporation. The master finds that the interest of his *cestuis que trustent* was not a general and common interest, each having a share in the whole mass, but was separate, without community of interest among them.

Our Constitution provides, Art. XIII, Section 3, that—

"Dues from corporations shall be secured by such individual liability of the stockholders, and other means, as may be prescribed by law; but in all cases each stockholder shall be liable over and above the stock by him or her owned, and any amount unpaid thereon, to a further sum, at least equal in amount to such stock."

The additional liability does not accrue in favor of the corporation but in favor of the creditors only, and can not be enforced by or discharged by payment to the corporation. *Wright* v. *Mc-Cormack,* 17 O. S., 86.

While the Constitution is self-operative to this extent (*State* v. *Sherman,* 22 O. S., 411), it also confers upon the Legislature the liability thus imposed.

The Legislature has exercised this power by R. S., Sections 3258 and 3259.

Section 3258 as adopted in the Revised Statutes and as it stood until the amendment of April 29, 1902 (95 O. L., 312), provides that stockholders—

". . . shall be deemed and held liable in addition to their stock in an amount equal to the stock by them subscribed or otherwise acquired, to the creditors, of the corporation, to secure the payment of the debts and liabilities of the corporation."[1]

The general rule is that when a trustee enters into a contract he is personally liable; and as subscriptions for stock are now held

---

[1] The amendment of April 29, 1902, makes the statute read: ". . . . shall be deemed and held liable, equally and ratable, and not one for the other, in addition to their stock," etc.

to establish a contract relation between the subscriber and the corporation, the subscriber if he be a trustee is personally liable under such contract. Cook on Stockholders, Section 503*c*.

The principle referred to seems to be recognized in *Henkle* v. *Salem Manufacturing Co.,* 39 O. S., 552, in which it is declared that—

"The general rule independent of statutory provision is that the liability to pay calls and to respond in the event of insolvency, to creditors, attaches to the holder of the legal title only.

"The courts will not (save in exceptional cases) look beyond the registered shareholder; and it matters not whether such registered shareholder be a mere trustee for another or a pledgee holding the stock as collateral security. He is liable as a stockholder and must look to his *cestui que trust* or pledgor for such indemnity or reimbursement as he may be entitled to."

Among the authorities cited in that case to sustain this proposition is Thompson's Liability of Stockholders, Section 178, in which it is said:

"Unless the rule has been changed by statute, liability to pay calls and to respond in the event of insolvency to creditors attached to the holder of the *legal title* only; the courts will not look beyond the registered shareholder nor enquire under what equities he holds. There are many illustrations of this, some of which have been separately considered. A holding stock as a trustee for B must himself pay the assessments or respond as a contributory and look to B for reimbursement."

The question of the liability of a trustee for stock standing in his name was presented in the case of *Holcomb, administrator,* v. *Gibson, administratrix.* The Circuit Court held the trustee individually liable, and this judgment was affirmed without report by the Supreme Court. Whether the Supreme Court affirmed the judgment in that case on the ground that any trustee who appears on the books of a corporation is individually liable or whether it affirmed the judgment on the ground that a trustee who holds stock for the corporation itself is individually liable, it is impossible to say. The brief of Mr. A. C. Thompson (now Judge Thompson of the United States District Court), is a very thorough and able presentation of the arguments in favor of the non-liability of a

trustee; and his criticism of the statements of the law as they appear in the text books is well supported.[2]

The decisions in the cases arising out of the failure of the Glasgow Bank, 4 Appeal Cases, 337, seem not to have been referred to in the argument in *Holcomb, administrator v. Gibson, administratrix, supra*. In those cases stock held in the names of persons or trustees was held to impose a personal liability upon such persons. While the nature of the company in that case was different in important respects perhaps from an Ohio corporation, yet there is much said in the decisions in those cases that is very helpful in reaching a conclusion in the case at bar. In those cases it is said that the question whether a trustee is to be personally liable depends upon the construction of the contract into which he has entered; and if it clearly appears from the contract that it was not the intention of the parties that he was to be personally liable, but that his trust estate only was to be liable, the trustee will be exempt from liability. And it is further declared that the mere addition to a person's signature of the word "trustee" is not sufficient to exonerate the trustee.

The court then states the question to be: What was the intention of the parties when the stock was issued by the corporation and received by the persons to whom it was issued "as trustees or disponees"?

Such, too, is the question presented in this case.

It was held in the Glasgow Bank case that it was the intention of the law that some person or persons should be personally liable, and that to permit a trustee to hold stock and make the estate only liable would defeat the purpose of the law; because in such case there would be no personal liability on the part of any one.

---

[2] This case originated in the Scioto County Common Pleas Court. The defendant was a deceased stockholder in a savings bank which had failed. The court sustained a demurrer to the amended petition, and gave judgment for the defendant, but on appeal to the Circuit Court judgment was given against the defendant for $16,000, his full statutory liability, and this judgment was affirmed by the Supreme Court. The case was not reported by any of the courts hearing it, but a synopsis of the pleadings and of the briefs of counsel appear in 39 W. L. B., 380.

It would seem as if the same reasoning were applicable to our Ohio statute.

Counsel for Hoffmann have relied largely upon the decisions of the U. S. Courts in construing the National Banking law.

In that law it is expressly provided in Section 5152, that—

"Persons holding stock as executors, administrators, guardians or trustees shall not be personally subject to any liability as stockholders."

And any decision, therefore, of the U. S. Courts which hold that trustees are not personally liable under the National Banking Act, are not in point.

It is true, however, that in *Pauly v. State Loan & Trust Company,* 165 U. S., 606, it was held that independently of Section 5152, where stock is held in the name of a person as pledgee such person is not personally liable.

The decision is based largely on previous decisions of that court construing the National Banking Act, and following those decisions it is held that it is the real holder of the stock or one who appears as the real holder of the stock, who is liable. The National Banking Act seems to permit an inquiry into all the equities affecting the stock.

It may be, too, that a distinction may be made between one who holds stock as a pledgee and as a trustee.

But for the reasons stated, we are of the opinion that whatever may be the liability in Ohio of a person who holds stock as a pledgee, one who holds it as trustee is individually liable to creditors.

In the cases of Valentine Boeh, Franz Becht, John Nerl and August Beckel as they permitted the stock to stand in their names on the books of the company, they are estopped to deny their ownership of the same and the liability arising therefrom.

The judgment of the court below will be reversed and affirmed in accordance with the principles announced.

*Wm. Worthington, Wm. C. Herron,* for plaintiffs in error.

*H. L. Gordon, Chris Von Seggern, E. M. Spangenberg, J. J. Gasser,* for defendants in error.

Wm. Worthington cited, as to who are stockholders, Herrick v. Wardwell, 58 O. S., 294, 310-13; and argued that the liability is

on a contract, and only against the party to the contract, King's case, L. R., 6 Ch. App. 196, and Cook on Stockholders, Ch. 15, Sec. 254-8; that the liability is one over which the corporation has no control and is for the exclusive benefit of the creditors, Wright v. McCormick, 17 O. S. 87; and that the language of the statutes, Secs. 3258 and 3259, will bear no other interpretation.

H. L. Gordon cited in behalf of Michael Hoffmann:[3] Pauly v. State Loan & Trust Co., 165 U. S., 606; Wells v. Larrabee, 36 Fed. Rep., 866; Shaw v. Spencer, 100 Mass., 390.